## Kentucky Natural Gas Corporation et al. v. Carter.

December 17, 1946.

Byron & Sandidge, Fowler & Holbrook and Rodes, Harlin & Willock for appellants.

L. B. Jones for appellee.

560

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

We are called upon in this action to construe the following instrument:

"This contract and deed made and entered into by and between Ben Carter, a single man of Warren County, Kentucky, party of the first part, and Steve Wagner of Owensboro, Daviess County, Ky., party of the second part,

"Witnesseth: That the party of the first part, for and in consideration of the sum of $800.00 paid, and to be paid as follows: $100. cash in hand, and one note for $700.00 due and payable 30 days after date, with interest from maturity until paid, receipt of which is hereby acknowledged, have this day sold and by this instrument bargain, sell, and convey unto the second party seven eighths of all the oil, gas and mineral in, on or under the following described tract or parcel of land lying and being in Warren County, Ky., near Hardcastle on the Cemetery Pike, about 10 miles southeast of Bowling Green, Ky., and bounded substantially as follows: (Description omitted)

"It is understood and agreed that the seven eighths interest hereby conveyed includes seven eighths interest in the gas well now situated on said land, and it is further understood and agreed that the party of the first part is to have use of gas from said well for one dwelling and church, free of cost. It is further understood and agreed that the said one-eighth interest in said oil, gas or minerals hereby reserved by first party is to be carried for him, his heirs or assigns by second party as an overriding royalty and free of all costs to the first party, and said one-eighth of all oil and gas shall be delivered by second party free of costs to first party, into any oil or gas line or lines to which first party may connect his wells on said land.

"To have and to hold the said seven eighth interest in and to said oil, gas or minerals unto the said Wagner, his heirs, or assigns forever with covenant of General Warranty.

"In testimony whereof, witness my hand this Jan. 31, 1931.

"B. A. Carter."

The day after Wagner received the writing from Carter he executed a deed for the same minerals to the Kentucky Natural Gas Company. Subsequently they were conveyed to the appellant, Kentucky Natural Gas Corporation, and in 1937 that Corporation conveyed the oil interests to the Sohio Petroleum Company.

The gas well referred to in the writing was drilled in 1918. The gas was not used commercially, however, until after 1931. No oil was found during the first operations and the lease under which they were carried on had expired several years prior to 1931. The gas well was operated commercially between 1931 and 1938 and Carter received about $400 for his one-eighth interest. The appellants and their predecessors in title did no drilling on the Carter tract; apparently, because no oil was found in that vicinity. Furthermore, it was shown that gas wells could be drilled more economically in other parts of the field. In 1944 Carter executed another oil and gas lease and then instituted this action to have the writing in dispute cancelled. The appeal is from a judgment in Carter's favor.

If the instrument is to be construed as a lease the ruling of the lower court was correct, while if it be construed as a deed, as contended by the appellants, that ruling was erroneous. We must look to the entire instrument with the view of ascertaining the intention of the parties. As said in the case of Duncan v. Mason, 239 Ky. 570, 39 S. W. 2d 1006, if the effect of an instrument is to sever the estate and to vest the title to a certain part of it in another, it is a deed no matter what the parties may call it. The instrument in question is designated as a deed in both the granting and habendum clauses. It was pointed out in the Duncan case also that, where the words, "grant," "bargain" and "sell" are used in connection with minerals in place, and words of inheritance are added, it is presumed that the parties used them in their ordinary legal sense unless a contrary intention is clearly shown. In the absence of a contrary intent these terms will vest in the grantee the entire ownership of the minerals.

In the Duncan case a writing conveying the mineral rights in a tract of land in Logan County for $10,000 and a 2½ cents per ton royalty on all asphalt mined in excess

562

of 50,000 tons was construed as a deed. It was pointed out that there was a substantial consideration for the conveyance and the royalty related to only one mineral. The case was distinguished from Eastern Kentucky M. & T. Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S. W. 438, 46 L. R. A., N. S., 672, wherein the cash consideration was only $1.00, the real consideration being one-eighth of the net profits of all minerals and timber taken from the land.

In the case at bar there was a substantial cash consideration, and as we have noted the whole tenor of the instrument purports to be a deed and not a lease. True it is that Carter reserved or excepted one-eighth of the minerals. This appears to us to have been only a part of the consideration for the original conveyance. The contention is made that the cash payment of $800 represented a payment for seven-eighths of the existing well, but it must not be overlooked that the well was not in commercial use; and, further, that no oil was found during the original operations. We think there was a severance of seven-eighths of the minerals in Carter's deed to Wagner. Therefore, we construe the instrument as a deed and not a lease. Under the circumstances there was no implied covenant to develop and market the oil or gas.

Judgment reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.